## W. H. SMITH *v.* JOSEPH DOUGHERTY.

*Book Account. Attorney Fees.*

A retainer to defend a suit does not extend to the employment of the attorney to defend a second suit brought upon the recognizance entered in the first suit.

The attorney was the party to recognize in the first suit, and, being sued upon the recognizance with his principal the defendant in this suit, entered to defend and made a tender without the defendant's express directions but with his knowledge. This tender constituted the only defence. *Held,* that knowledge of the attorney's appearance and defence by the defendant did not imply an assent to the employment of the attorney and make the defendant liable therefor.

BOOK ACCOUNT. The auditor reported that the items in the plaintiff's account were admitted to be correct by the defendant, with the exception of items numbered 29, 30, 31, 32, 33 and 34, in relation to which he found that Dr. H. D. Allen brought a suit in his favor and made returnable before a justice of the peace against the defendant, and that the defendant retained the plaintiff to defend it; that a trial was had and a judgment recovered for the plaintiff therein; that thereupon the defendant appealed, the plaintiff entering as bail for said appeal, and that said suit, at the March Term, A. D. 1860, of the Rutland County Court was duly entered and became pending therein; that the plaintiff (Allen) recovered a judgment in his favor, but for what amount did not appear; that after-

wards the said Allen commenced a suit in his favor, against the plaintiff and defendant in this action, counting and declaring upon their recognizance entered into before the justice on said appeal, which action is still pending in the county court. All the items from No. 29 to 34 inclusive, were for fees charged at reasonable rates by the plaintiff in said suit against the parties in this suit, and which was instituted by Allen as above stated upon said appeal recognizance. Soon after the commencement of said suit the plaintiff tendered Allen on account of his claim the sum of $18.84. Said tender was not accepted by Allen, but for what reason did not appear, nor did it appear whether it was sufficient in amount or not; nor did it appear that said tender was made at the express request of the defendant though he knew the plaintiff appeared therein, nor that the plaintiff was expressly requested or employed by the defendant to defend said suit, but the plaintiff acting under his employment by the defendant to defend the first mentioned suit, and entering bail therein for the appeal referred to, at the request of the defendant, appeared in said cause, and made the tender and charged therefor as above stated. Said tender has been kept good, and the question as to whether it was sufficient or not, is the question in dispute in the pending suit against the plaintiff and defendant.

The cause was heard upon the auditor's report at the September Term, 1864, KELLOGG, J., presiding, and the court decided that the plaintiff was entitled to recover for all the items of his account as reported by the auditor, and rendered judgment accordingly,—to which the defendant excepted.

*Chauncy K. Williams*, for the defendant.

The plaintiff is not entitled to recover of the defendant the amount charged in these items, because there is no express or implied promise from Dougherty to pay him.

Smith's employment in the former suit conferred on him no authority to appear for Dougherty in the second suit. His authority continued only until final judgment was perfected in the first suit and no longer. *Walradt* v. *Maynard*, 3 Barb. 584, *cited* in 1 Abbott's N. Y. Digest, 336, § 132.

Neither had Smith as co-defendant any authority to employ himself for Dougherty. *Paddock* v. *Colby et al.*, 18 Vt. 485 ; *Smith* v.

Smith *v.* Dougherty.

*Lyford,* 24 Maine, 147; *Weston* v. *Davis,* 374, *cited* in Eastman's Digest, 86; *Cook* v. *Riter,* 4 E. D. Smith, 253, *cited* in Abbott's N. Y. Digest, p. 335, § 119.

*W. H. Smith, pro se,* maintained that the plaintiff's items Nos. 29 to 34 should be allowed.

1. Because the plaintiff was *expressly* employed by the defendant in his litigation with Allen. The *scire facias* was but a branch of the original litigation, and the plaintiff might well continue his defence in that.

2. Because the defendant *knew* he *was sued* in the *scire facias,* knew that the plaintiff was defending him in that action.

3. It was the defendant's *duty* to *defend his bail.* And bail may *reasonably* defend himself and hold his principal liable for expenses, upon an implied agreement of principal to indemnify and defend his surety and bail.

ALDIS, J. This is an action on book. To recover for the services charged the plaintiff must show that he was employed by the defendant to defend the suit. It is not enough for the plaintiff to show that the defendant may be liable, by virtue of his obligation to him as his surety, to pay him whatever damages and costs he may necessarily incur in the defence of the suit on the recognizance. That liability for these expenses and services if it exist at all rests upon Dougherty by reason of his duty to indemnify the plaintiff as his surety; but does not authorize the plaintiff to charge the damages and costs he may so have to pay on book.

1. We do not think the suit on the recognizance is a branch of the first suit in such a sense that a retainer to defend the first suit extends to an employment to defend the second. Dougherty might think he had a good defence to the first suit; but, that failing, know he could not defend the suit on the recognizance and therefore not wish to answer to it.

2. Dougherty knew that Smith did appear in the second suit to defend it. Now if that defence was for Dougherty's benefit, then knowledge that he was so defending it and making no objection, would imply that he assented to such employment of Smith and make him liable therefor. But if Smith in defending the suit was engaged in a defence for his own benefit and not for Dougherty, then

knowledge of that fact and not objecting, would not make Dougherty liable.

Hence we must examine to see what the nature of the defence to the second suit is. It is a tender by Smith, made soon after the suit was brought and which he claims is sufficient, and which Allen says is not sufficient. When the bill of exceptions says—" the question, as to whether this tender is sufficient or not, is the question in dispute in the pending suit,"—we construe it to mean that that is the only defence made by Smith. None other appears, and if there were any other it should have appeared in the bill of exceptions.

The tender was made by Smith, without any request from Dougherty. Its object doubtless was to relieve the plaintiff from further costs. It was immaterial to Dougherty whether such a tender was made or not; and whether it prevails or not. He is the person ultimately liable for the damages and costs recoverable in the suit on the recognizance, and it is the same to him whether he pays them to Allen, or to Smith because he has paid them to Allen. The defence—the tender—is therefore wholly for Smith's benefit and at his own instance.

Taking this view of the case it is the opinion of the court, that Smith does not show any employment express or implied from Dougherty to defend the suit, and therefore that he cannot recover, for the items in dispute, in this action.

The exceptions of the defendant, as to the allowance of the items numbered 29, 30, 31, 32, 33, 34, are sustained, and therefore judgment is reversed and judgment is rendered for the plaintiff to recover only the amount for which the county court rendered judgment after deducting the above items and the interest, if any, allowed upon them. The defendant will also be allowed his costs in this court, to be deducted from the plaintiff's judgment.